UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDRA LOVE PROSPEROUS,

    Plaintiff,

v.                                                Case No. 8:17-cv-860-T-60AAS

PINELLAS COUNTY SHERIFF'S
DEPARTMENT and DEPARTMENT
OF CHILDREN AND FAMILIES

    Defendants.
_____/

**ORDER GRANTING "DEFENDANT'S, BOB GUALTIERI AS SHERIFF OF PINELLAS COUNTY FLORIDA, MOTION TO DISMISS AND ACCOMPANYING MEMORANDUM OF LAW"AND "DEFENDANT, DEPARTMENT OF CHILDREN AND FAMILIES', MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT;"**

**ORDER DISMISSING PLAINTIFF'S
AMENDED COMPLAINT WITH PREJUDICE;**

**AND ORDER DENYING AS MOOT PLAINTIFF'S "MOTION CLERK OF COURT CORRECT DEFENDANTS NAME ON PUBLIC AND COURT RECORDS" AND "MOTION TO CHANGE AND SEAL PLAINTIFFS MAILING ADDRESS"**

This matter is before the Court on "Defendant's, Bob Gualtieri as Sheriff of Pinellas County Florida, Motion to Dismiss and Accompanying Memorandum of Law," filed on August 21, 2019, and "Defendant, Department of Children and Families', Motion to Dismiss Plaintiff's Amended Complaint," filed on September 9, 2019. (Doc. ## 36 and 39). On August 26, 2019, Plaintiff filed a response in opposition to the Sheriff's motion to dismiss. (Doc. # 37). She did not file a response in opposition to Department of Children and Families' motion to dismiss. On

September 9, 2019, Plaintiff filed her "Motion Clerk of Court Correct Defendants Name on Public and Court Records" and "Motion to Change and Seal Plaintiffs Mailing Address." After reviewing the motions, response, court file, and the record, the Court finds as follows:

The form amended complaint purports to invoke the Court's federal question jurisdiction under Amendments I-X of the United States Constitution. (Doc. # 32). Plaintiff claims that there were "numerous violations of civil rights . . . in order to cover up child abuse and sexual battery on an infant/toddler." Plaintiff requests damages in excess of $500,000,000, as well as additional per diem damages.

**Legal Standard**

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;
(2) Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
(3) Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). More important than fitting neatly into these four roughly defined categories is the reason these types of pleadings are so problematic: they all fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."[1] *Id.* at 1323.

A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "Implicit in such a repleading order is the notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Jackson*, 898 F.3d at 1358 (11th Cir. 2018) (internal quotations and citation omitted).

---

[1] The Eleventh Circuit has repeatedly condemned the filing of shotgun pleadings, stating that they
> exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their case to be heard. The court of appeals and the litigants appearing before them suffer as well.

*Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

**<u>Procedural Background</u>**

Judge Kovachevich previously entered an Order dismissing Plaintiff's initial complaint as "woefully inadequate," finding that it could not support a cause of action against either Defendant. (Doc. # 20). Judge Kovachevich specifically found that the complaint did not place Defendants on notice of the actual claims lodged against them, and that the factual allegations of the complaint were likewise lacking.

Pursuant to Judge Kovachevich's Order, Plaintiff was directed to file an amended complaint that (1) identified the cause of action brought against each Defendant; (2) set forth a short and plain statement for each count against each Defendant, clearly indicating what each Defendant did to allegedly violate Plaintiff's constitutional rights; (3) state a short and plain statement of the Court's subject matter jurisdiction; (4) set forth a short and plain statement of facts for each and every count that Plaintiff seeks to pursue; and (5) identify whether Plaintiff is bringing suit against the Pinellas County Sheriff's Department, individual officers, or the Sheriff.

## Analysis

On August 17, 2019, Plaintiff filed her amended complaint. (Doc. # 32). However, Plaintiff has failed to cure nearly all of the defects identified by Judge Kovachevich in her March 15, 2019, Order. Plaintiff has clarified that she is filing suit against the Pinellas County Sheriff rather than the Sheriff's Department. However, Plaintiff has not put forth a short and plain statement of the Court's subject matter jurisdiction. Moreover, instead of identifying the causes of action against each Defendant and setting forth a short and plain statement of facts for each and every count, Plaintiff has instead refiled the allegations of her original complaint, only handwriting in a few additional notes. These additional notes are largely incomprehensible and fail to cure the defects of the initial complaint.

Because Plaintiff has already been granted an opportunity to amend her claims and has failed to cure their deficiencies, the Court dismisses the amended complaint with prejudice. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

## Plaintiff's "Motion Clerk of Court Correct Defendants Name on Public and Court Records" and "Motion to Change and Seal Plaintiffs Mailing Address"

Because the Court has dismissed Plaintiff's amended complaint with prejudice, it denies as moot Plaintiff's request to correct Defendant's name.[2] The

---

[2] The Court notes that a prior motion requesting the same relief was granted by the Court. *See* (Doc. # 31).

Court also denies as moot Plaintiff's "Motion to Change and Seal Plaintiff's Mailing Address."

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's, Bob Gualtieri as Sheriff of Pinellas County Florida, Motion to Dismiss and Accompanying Memorandum of Law" (Doc. # 36) is hereby **GRANTED**.

2. "Defendant, Department of Children and Families', Motion to Dismiss Plaintiff's Amended Complaint" (Doc. # 39) is hereby **GRANTED**.

3. Plaintiff's Amended Complaint (Doc. # 32) is hereby **DISMISSED WITH PREJUDICE**.

4. Plaintiff's "Motion Clerk of Court Correct Defendants Name on Public and Court Records" (Doc. # 40) is hereby **DENIED AS MOOT**.

5. Plaintiff's "Motion to Change and Seal Plaintiffs Mailing Address" (Doc. # 41) is hereby **DENIED AS MOOT**.

6. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 8th day of October, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**